**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 12 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAFAEL GUERRERO SIERRA,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 20-71313<br><br>Agency No. A209-301-748<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2026**
San Francisco, California

Before: H.A. THOMAS and JOHNSTONE, Circuit Judges, and VERA,*** District Judge.

Rafael David Guerrero Sierra, a native and citizen of Honduras, petitions for

review of a decision of the Board of Immigration Appeals ("BIA") dismissing his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Hernan Diego Vera, United States District Judge for the Central District of California, sitting by designation.

1                                                                          20-71313

appeal of an immigration judge's ("IJ") (collectively, the "Agency") order denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Where, as here, the BIA relies in part on the IJ's decision, we review both the BIA's and IJ's decisions. *See Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). We review legal determinations de novo and factual determinations for substantial evidence.[2] *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

1. Substantial evidence supports the Agency's determination that Guerrero Sierra did not establish a nexus between his past harm and membership in the particular social group of "Hondurans who take concrete steps to oppose gang membership and authority." Guerrero Sierra testified that gang members targeted him because "[t]hey were looking for people to recruit" and "they wanted young people for their gang." But he did not describe in that testimony any concrete steps he took before or during the attack. Although some evidence suggests that the gang

---

[1] Guerrero Sierra seeks review of the Agency's denial of his application for asylum based on a particular social group, but not its denial of his applications for asylum based on political opinion, withholding of removal, or CAT protection.
[2] We cannot "review the *record* de novo" and "make [our] own independent determination on questions of law *and fact*," as Guerrero Sierra asks us to do. *See* 8 U.S.C. § 1252(b)(4)(A), (B).

20-71313

harmed Guerrero Sierra in part because he refused to join them, we may not substitute our judgment for the Agency's when it comes to reasonably weighing the evidence. *See Aden v. Holder*, 589 F.3d 1040, 1046 (9th Cir. 2009). The record does not compel a finding of nexus between Guerrero Sierra's past harm and any concrete steps he may have taken to oppose the gang. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483–84 (1992).

2.      Guerrero Sierra also challenges the IJ's determinations that the past harm he suffered in Honduras did not constitute past persecution and that the proposed particular social group is not cognizable. We decline to review these findings because our review of the IJ's decision is limited to the grounds upon which the BIA relied, *Iman*, 972 F.3d at 1064, and the BIA did not reach this issue.[3]

**PETITION DENIED.**

---

[3] Guerrero Sierra fails to meaningfully challenge the Agency's finding that he had not demonstrated a well-founded fear of future persecution and therefore forfeits the issue. *See Olea-Serefina v. Garland*, 34 F.4th 856, 867 (9th Cir. 2022) (deeming forfeited an argument that was "purely conclusory and devoid of supporting factual detail or legal argument").

20-71313